Reporter.—The facts are stated in the opinion of the Court.
Howell, J.
This is an application for a writ of prohibition against thé Judge of the Second District Court of New Orleans, and the plaintiff, in the suit of Alfred Penn v. Kearny, Blois & Co., in which a suspensive appeal was granted to the defendants, on furnishing a bond with good and solvent security, in the sum of $13,000.
On a rule taken by the plaintiff to set aside the appeal, on the ground of the insufficiency of the sureties, the appeal was declared to be devolutive only, and to correct this alleged error of the District Judge, and prevent the issuing of an execution on the judgment, this proceeding is had.
The question presented to us is one of fact only, which is: Does the evidence show the sureties to be sufficient and solvent ?
The first surety, James O. Nixon, states, that after paying all his debts there would be a sufficient amount of his property left to pay the amount of this bond. He estimates his debts at about $130,000, and his assets at $295,000; and yet the District Judge considered him to be an insufficient surety for $13,000. Where such disparity exists, there must be grave reasons for doubting the surety.
The estimate of his property, as witness on the 8th June, 1867, is made as follows: He supposes that a certain piece of real estate, on Canal street, purchased by him for $575, would bring $10,000, on which there is a mortgage for $5,300; the materials of the Crescent office cost about $70,000; the “goodwill” of said office would sell for $75,000; the State owes him about $80,000; nearly all of which is in warrants, the most of which are pledged; and book accounts due him to about $60,000, making in all the said sum of $295,000, being $165,000 more than his debts. Counsel for Penn contends that these estimates are palpably exaggerated and absurd, and refers to the suit of J. O. Nixon v. His Creditors, as *502 rebutting evidence, in which his assets on 22d August, 1865, are placed in the schedule at $282,981 29, and his liabilities at $88,193 56, showing an excess in favor of the insolvent of $194,787 73.
We are to determine whether or not the surety has property now sufficient to answer for the amount of the obligation. He says that he owes $130,000, which must be considered good against him; that there is owing to him $140,000; and besides this, he has the materials of the Crescent office, which cost him about $70,000, and which we must presume he acquired since his surrender, in 1865. These sums, without including the “good will ” of the Crescent office, $75,000, and the real estate, $10,000, make $210,000 of assets to answer for $130,000 of debts, leaving a margin of $80,000.
We have nothing before us to show that the materials are not worth what they cost, nor that the debts due the witness may not be realized-We would be left to conjecture altogether in an attempt to fix any less value than that given by the witness, and we do not feel authorized to enter the fields of conjecture. It may be that his ideas of his own fortune are greater than the reality, but we are not furnished with the standard by which to measure the difference, the ideal and real fortune. We must be guided by the law and the evidence. It is true, the record of insolvency shows a very large excess of assets over liabilities, but an inspection of the schedule shows that said assets consist principally of accounts and notes for their full amount, the aggregate being over $80,000, and due in a period of time extending back several years prior to June, 1862, and two claims for damages amounting to $150,000, growing out of the alleged suppression and sale of the Crescent newspaper, at about the last mentioned date. The record of insolvency does not enable us to determine how much the witness exaggerates the value of his present property, if it is exaggerated, and being of a date prior to the making of the bond, cannot affect it.
There is no other rebutting evidence. If it be true, that J. O. Nixon is the State Printer, we do not see how that fact will protect him, as suggested, from the effect of his pledge of the State warrants, and which, if made available, will, to that extent, diminish his debts, for which they are pledged. There is no evidence as to the value of the said warrants.
Upon the whole, we are forced to the conclusion that the witness has shown that he has sufficient property, movable and immovable, after paying his debts, to satisfy the bond of $13,000, and that there is not sufficient evidence in this record to discredit him as to that fact.
We think also, that the second surety, John Murphy, has shown property worth at least $2,500 to answer, to that amount for said bond, and strengthen the security.
It is therefore ordered that the rule herein be made absolute, and that the Judge of the Second District Court of New Orleans, andAlfred Penn, be prohibited from proceeding further, in the case of Penn v. Kearny, Blois & Co., during the pendency of the suspensive appeal therein. The defendants herein to pay the costs of this proceeding.